**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**
_____

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**
                         **Petitioner,**

v.                                                                         Case No. 14-mc-0052

**UNION PACIFIC RAILROAD COMPANY,**
                         **Respondent.**
_____

## **DECISION AND ORDER**

This is an action to enforce an administrative subpoena. Before me now is respondent's motion to dismiss.

In 2011, Frank Burks and Cornelius Jones ("complainants") filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that their former employer, respondent Union Pacific Railroad Company, discriminated and retaliated against them in violation of Title VII of the Civil Rights Act of 1964 by denying them the opportunity to take a test for the Assistant Signal Person position. The EEOC began investigating the charges and as part of their investigation issued a request for information to Union Pacific on January 28, 2014, requesting information about Union Pacific's data and software systems that store personnel information as well as information about Union Pacific's assessment program for Assistant Signal Person applicants in 2011. Union Pacific refused to produce the information, and the EEOC issued a subpoena on May 15, 2014. Union Pacific responded by filing a petition to revoke or modify the subpoena with the EEOC, which was denied on June 30, 2014. When Union Pacific still

refused to comply, the EEOC filed this application for an order enforcing their subpoena.[1]

At some point during the EEOC investigation, the EEOC issued right-to-sue notices to complainants, who sued Union Pacific in the Northern District of Illinois for Title VII violations. On July 7, 2014, the judge in that case granted Union Pacific's motion for summary judgment and dismissed the case. Union Pacific has filed a motion to dismiss this subpoena enforcement action, arguing that the EEOC no longer has authority to investigate the charges because it issued right-to-sue notices and the complainants have lost their civil suit based on the same charges, and alternatively that the subpoena seeks information not relevant to the charges.

"Subpoena enforcement proceedings are designed to be summary in nature." *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002) (quotation and citation omitted). I will enforce the EEOC's subpoena as long as it "seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority." *E.E.O.C. v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). Union Pacific first asserts that I should dismiss this action because the EEOC's continued investigation is outside its authority. *See E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 700 (7th Cir. 2002) ("[A] subpoena may be challenged as unreasonable . . . [if] the agency clearly is ranging far beyond the boundaries of its statutory authority."). Specifically, Union Pacific argues that the issuance of the right-to-sue notices and the civil judgment in favor of Union Pacific divest the EEOC of its investigative authority.

---

[1] This is the second subpoena the EEOC has sought to enforce during its investigation of these charges. *See E.E.O.C. v. Union Pac.*, No. 13-mc-0022 (E.D. Wis.). In the first enforcement action, the parties reached an agreement after I denied Union Pacific's motion to dismiss for improper venue.

Only two circuits have directly addressed an issue similar to this one. The Fifth Circuit in *E.E.O.C. v. Hearst Corporation* concluded that "in a case where the charging party has requested and received a right-to-sue notice and is engaged in a civil action that is based upon the conduct alleged in the charge filed with the EEOC, *that charge* no longer provides a basis for EEOC investigation". 103 F.3d 462, 469–71 (5th Cir. 1997). In support of its conclusion, the Fifth Circuit stated that "Congress granted the EEOC broad investigatory authority so that the agency promptly and effectively could determine whether Title VII had been violated and to assist the agency in its efforts to resolve disputes without formal litigation" and that "[t]hese purposes are no longer served once formal litigation is commenced." *Id.* at 469.

The Ninth Circuit, however, came to the opposite conclusion in *E.E.O.C. v. Federal Express Corporation*, holding that "the EEOC retains the authority to issue an administrative subpoena against an employer even after the charging party has been issued a right-to-sue letter and instituted a private action based upon that charge." 558 F.3d 842, 854 (9th Cir. 2009). The Ninth Circuit disagreed with the reasoning in *Hearst*, emphasizing that "the EEOC controls the charge regardless of what the charging party decides to do" and concluding that the EEOC may continue to investigate a charge after the charging party has filed suit because "the EEOC is pursuing its obligation to serve the public interest." *Id.* at 852–53.[2]

---

[2] Both *Hearst* and *Federal Express* involved situations where the charging party had filed suit but the suit had not yet been resolved, which is different than the situation in this case, where Union Pacific has obtained a judgment in its favor. No circuit has addressed whether a judgment in private litigation on the underlying charges divests the EEOC of authority to investigate.

I find the reasoning of *Federal Express* to be more persuasive and conclude that the issuance of right-to-sue notices, complainants' civil suit, and the judgment in favor of Union Pacific do not divest the EEOC of authority to continue its investigation. First, no federal statute or regulation supports Union Pacific's argument that the EEOC's authority to investigate a charge ends at a certain point, whether that be at the issuance of a right-to-sue notice, the commencement of private litigation, or the conclusion of private litigation. *Id.* at 854 ("[N]othing in section 706(f)(1) of Title VII indicates that the EEOC's investigatory powers over a charge cease when the charging party files a private action." (citing 42 U.S.C. § 2000e-5(f)(1))). Title VII requires the EEOC to investigate a charge, 42 U.S.C. § 2000e-5(b), which includes the power to issue administrative subpoenas, § 2000e-9, and regulations make clear that the EEOC may continue an investigation after issuing a right-to-sue notice if an EEOC official "determines at that time or at a later time that it would effectuate the purpose of title VII . . . to further process the charge," 29 C.F.R. § 1601.28(a)(3), which the EEOC's District Director did in this case. "Absent textual support for a contrary view, it is in the [EEOC's] province–not that of the court– to determine whether public resources should be committed" to continued investigation. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291–92 (2002).

Second, the EEOC does not simply represent the interests of private parties; it also represents the public interest independent of the complainants' interests. *See id.* at 291 ("The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake."). Further, neither arbitration nor a settlement between complainant and the employer divests the

EEOC of its authority to investigate. *See E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 597 (7th Cir. 2009) ("[I]f arbitration or. . . a given employee's failure to exhaust his remedies does not foreclose independent investigation by the EEOC, neither does a settlement."). Thus, "the [EEOC's] powers are independent of any resolution between employer and employee," *id.*, and I conclude that this includes private litigation that ends in judgment in favor of the employer.

It also is irrelevant that the charges in this case allege only individual discrimination rather than a pattern or practice of discrimination. Union Pacific seems to argue that because complainants' charges allege individual instances of discrimination rather than a pattern of discrimination, the EEOC's independent public interest is not implicated and its investigation must be confined to the individual instances of discrimination. Thus, the argument follows, the EEOC has no authority in this case to continue to investigate because the individual claims have already been litigated and the charges do not implicate any broader interest. I disagree. Title VII invests the EEOC with broad authority to investigate valid charges of discrimination, *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 71–72 (1984), and to bring a lawsuit based on that investigation. 42 U.S.C. § 2000e-5(f)(1). "The permissible scope of an EEOC lawsuit is not confined to the specific allegations in the charge; rather, it may extend to any discrimination like or related to the substance of the allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge." *E.E.O.C. v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992); *see also Watkins Motor Lines, Inc.*, 553 F.3d at 597 ("The [EEOC] is entitled to vindicate the interests of all employees."); *E.E.O.C. v. Tempel Steel Co.*, 723 F.

Supp. 1250, 1252–53 (N.D. Ill. 1989) ("The EEOC's role in the claims process is to investigate a claim thoroughly and reasonably and remedy *any* unlawful discrimination that it uncovers."). It follows that the scope of an EEOC investigation also encompasses areas that reasonably grow out of the investigation. *See United Air Lines*, 287 F.3d at 653 ("[E]vidence concerning employment practices other than those specifically charged by complainants may be sought by an EEOC administrative subpoena."). Because the EEOC's investigation can encompass more than complainants' individual claims, the summary judgment decision in favor of Union Pacific does not deprive the EEOC of continuing authority to investigate the charges. *E.E.O.C. v. Von Maur, Inc.*, No. 09-mc-020, at 12 (S.D. Iowa Sept. 9, 2009). This conclusion is further supported by the legislative purpose behind the EEOC's authority. *See Shell Oil*, 466 U.S. at 69–70 (stating that "'[u]nrelenting broad-scale action against patterns or practices of discrimination' was essential if the purposes of Title VII were to be achieved" (quoting H.R.Rep. No. 92-238 pp. 8, 14 (1971))).

Union Pacific also asserts that even if the EEOC has authority to investigate, I should dismiss this action because the subpoena seeks information that is not reasonably relevant to the charges, arguing that the charges allege individual instances of discrimination, not a pattern or practice, and thus the subpoena, which seeks information unrelated to the individual complainants' employment history, is not relevant. "[U]nlike other federal agencies that possess plenary [investigative] authority . . . , the EEOC is entitled to access only evidence 'relevant to the charge under investigation.'" *Id.* at 64 (quoting 42 U.S.C. § 2000e-8(a)). However, this limitation is "not especially constraining. Since the enactment of Title VII, courts have generously construed the term 'relevant' and have

afforded the [EEOC] access to virtually any material that might cast light on the allegations against the employer." *Id.* at 68–69. Evidence concerning employment decisions regarding employees other than the individual complainants or employment practices other than those specifically complained about in the charges may be relevant. *See United Air Lines*, 287 F.3d at 653 (citing with approval *Blue Bell Boots, Inc. v. E.E.O.C.*, 418 F.2d 355 (6th Cir. 1969) and *E.E.O.C. v. Roadway Express, Inc.*, 750 F.2d 40, 43 (6th Cir. 1984)). The EEOC's burden in showing that the evidence they seek is relevant to the charge is not onerous. *Id.* at 652.

I have already concluded that the scope of the EEOC's investigation may encompass a pattern or practice of discrimination if evidence of such a pattern reasonably grew from the original charges. Here, the EEOC received two separate charges from black men which alleged that they were denied promotion opportunities because of their race. During the course of the investigation, the EEOC also learned that of the ten Assistant Signal Person positions Union Pacific filled in complainants' district in 2011, none of those promoted were black. Thus, the EEOC is justified in seeking evidence related to a pattern or practice of discrimination despite the fact that the charges do not specifically allege a pattern or practice, and I conclude that such evidence is relevant to the charges.[3]

Union Pacific also argues that I should dismiss this action because the subpoena "seeks an extraordinary amount of information." Union Pac.'s Reply Mem. at 4 (ECF No. 12). I may only modify or exclude portions of the subpoena if Union Pacific "carries the

---

[3] I also note that the charges allege race discrimination, which is "'by definition class discrimination,'" *United Airlines*, 287 F.3d at 653 (quoting *Blue Bell Boots,* 418 F.2d at 358), further justifying the EEOC's investigation of a pattern or practice of discrimination.

difficult burden of showing that the demands are unduly burdensome or unreasonably broad." *F.T.C. v. Shaffner*, 626 F.2d 32, 38 (7th Cir. 1980); *see also United Airlines*, 287 F.3d at 653. Union Pacific has not met this burden. Aside from emphasizing that the subpoena is two pages long with seventeen separate requests and questioning where the EEOC derived its information from, Union Pacific has not made a sufficient showing that the subpoena is overly broad or will unduly burden it.

Finally, Union Pacific argues that I should dismiss the EEOC's petition based on the doctrine of laches, which is an equitable defense based on unreasonable delay. Union Pacific argues that the EEOC dragged its feet in investigating the charges and failed to intervene in the complainants' private suit, constituting unreasonable delay, and that Union Pacific would be prejudiced by having to comply with the EEOC's subpoena when it has already litigated the underlying discrimination charges. However, Union Pacific seems to be responsible for at least some of the delay in the investigation because if its refusal to cooperate with two subpoenas, requiring the EEOC to petition the district court to enforce them. Further, Union Pacific has not shown how complying with a subpoena will prejudice it; complying with a subpoena does not require Union Pacific to relitigate the charges; at this point at least, Union Pacific is not being prejudiced.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that a telephonic status conference is scheduled for **June 4, 2015 at 11:30 a.m.** for the purpose of discussing remaining enforcement issues. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2015.

                                                                  s/ Lynn Adelman
                                                                  _____
                                                                  LYNN ADELMAN
                                                                 District Judge